# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **DOMINICK DOVE**, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> **MADISON COUNTY JAIL**, *et al.*, <br><br> *Defendants*. | **CIVIL ACTION NO.** <br> **3:23-cv-00116-TES-CHW** |

## ORDER OF DISMISSAL

Pro se Plaintiff Dominick Dove, an inmate at the Madison County Jail in Danielsville, Georgia, filed a Complaint [Doc. 1] under 42 U.S.C. § 1983 on behalf of himself and two other inmates—Mason Dean and Ronald Rice. However, a pro se plaintiff may not represent the interest of other prisoners. *See*, *e.g.*, *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (finding it "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action"). This same principle prevents Plaintiff Dove from representing the other inmates who are listed as plaintiffs in the Complaint. *See* [Doc. 1]; *Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (per curiam).[1]

---

[1] Because the Eleventh Circuit was previously a part of the Fifth Circuit, cases decided by the Fifth Circuit prior to October 1, 1981, are precedential to this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

Plaintiffs also seek leave to proceed *in forma pauperis* ("IFP") via a statutorily incomplete application[2] submitted only under Plaintiff Dove's name. [Doc. 2]. Under the Prison Litigation Reform Act of 1995 ("PLRA"), prisoners proceeding IFP may not join together as plaintiffs in a single lawsuit and pay only a single filing fee. *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) (affirming the district court's dismissal of a multi-plaintiff action under the PLRA on the ground "that each plaintiff had to file a separate complaint and pay a separate filing fee"). Instead, each prisoner must file his own lawsuit and pay the full filing fee. *See id.* As the Eleventh Circuit Court of Appeals noted in *Hubbard*, requiring each plaintiff to pay the full filing fee is consistent with Congress's purpose of imposing costs on prisoners to deter frivolous suits. *Id.* at 1197–98. The Plaintiffs are therefore not permitted to proceed IFP in an action together.

Accordingly, the Court **DISMISSES** this Complaint **without prejudice.** Each Plaintiff may file their own *separate* complaint asserting claims that are personal to that inmate and for which they will be individually responsible for docketing fees.

**SO ORDERED**, this 7th day of November, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] A prisoner seeking to proceed IFP must submit (1) an affidavit in support of his claim of indigence, and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2).